993 F.2d 228
 125 Lab.Cas. P 10,683
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Herbert E. HAMILTON, Plaintiff-Appellant,
v.
EASTERN ASSOCIATED COAL CORPORATION; District 31, United
Mine Workers of America, Defendants-Appellees.
 No. 92-1803.
 United States Court of Appeals,
Fourth Circuit.
 Argued: March 2, 1993
Decided: May 7, 1993
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg. William M. Kidd, Senior District Judge. (CA-90-100-C-K)
 Brent E. Beveridge, Fairmont, West Virginia, for Appellant.
 Robert M. Steptoe, Jr., Steptoe & Johnson, Clarksburg, West Virginia, for Appellees.
 C. David Morrison, Lisa W. Webber, Steptoe & Johnson, Clarksburg, West Virginia; Peter D. Dinardi, Morgantown, West Virginia, for Appellees.
 N.D.W.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and RESTANI, Judge of the United States Court of International Trade, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Plaintiff, a mine worker, appeals from a grant of summary judgment in favor of defendants, his former employer and the union of which he was a member. Plaintiff was fired for excessive absences. He asserts that the dismissal was in breach of the applicable collective bargaining agreement and that the failure of the union to bring his grievance to arbitration is a breach of the duty of fair representation.
 
 
 2
 As acknowledged by both parties at oral argument, defendant's employer has an unwritten policy regarding long-term absenteeism. The employer considers all absences, both excused and unexcused, during a five-year period. If the absences are deemed excessive and if the employee fails to improve after a warning, the employee may be discharged. The applicable collective bargaining agreement specifically allows discharge because of chronic absenteeism. The exact terms of the "Standard Attendance Control Program" are left to the individual mine's administration, consistent with"local policy, contractual obligation and sound judgment." See National Bituminous Coal Wage Agreement of 1988, Article XXII, Section (i)(2).
 
 
 3
 A different employer's written policy allowing dismissal based on excused and unexcused absences, which was distributed to all employees, and which did not cover absences while on compensated sick leave or long-term absences, was approved upon challenge through arbitration in Braztah Corp. v. United Mine Workers of America, Local 8303, Review Case No. 78-92 (1978). Based upon the acceptance of Braztah's policy as a reasonable exercise of the employer's discretion as to absenteeism, the union has not challenged the broad unwritten policy adopted by this defendant employer. While in another context the union might have been more vigorous in challenging the very broad unwritten policy at issue here, any defect in the policy does not apply to this plaintiff's situation.
 
 
 4
 First, plaintiff does not claim any failure of notice or lack of adequate warning. Warnings were numerous. Second, plaintiff's absences are largely due to non-work-related injuries, and he makes no claim that he was receiving workman's compensation payments when he was discharged. (These matters implicate potential issues not involved here.) Third, plaintiff's absenteeism rate was in excess of seventy-one percent. Consequently, plaintiff was an economically untenable employee. His dismissal did not violate the collective bargaining agreement, and the union did not breach its duty of fair representation in declining to bring his grievance to arbitration. The union acted neither in a grossly deficient manner nor in reckless disregard of plaintiff's rights. See Amburgey v. Consolidation Coal Co., 923 F.2d 27, 29 (4th Cir. 1991). It has not been proven that the union's actions were arbitrary, discriminatory, or in bad faith. See Vaca v. Sipes, 386 U.S. 171, 190 (1967).
 
 
 5
 The decision of the district court is affirmed.
 
 AFFIRMED